## State *versus* Benjamin Dwinnell.

A majority of the commissioned officers of a company have the power of appointing non-commissioned officers.

An individual removing from the limits of his company after being warned to do military duty, and who appears and submits himself to the command of his officer, giving no notice, and claiming no right of exemption, is liable to punishment by fine, if guilty of insubordination.

It is no excuse for insubordination that the commanding officer drills his company by detachment.

THIS was a prosecution commenced by Aaron Wright as clerk of the first company, twentieth regiment of N. H. Militia, to recover, of the respondent, a fine of $2,00 for disobedience of orders, of his commanding officer, at a company training, on the 4th day of September, A. D. 1833.

The case was originally tried before a justice of the peace, and was taken up to the court of common pleas by appeal, where the jury returned a verdict for the plaintiff, subject to the exceptions hereafter mentioned, and the case was subsequently transferred to this court for their decision.

The exceptions taken were—

1st. That there were no sufficient officers of the com-

pany, actually in commission, at the time of the offence complained of.

2nd, That Aaron Wright, the complainant, at the time of making the records, and when instituting his complaint, was not duly appointed a clerk of the company.

3rd, That said Dwinnell, on the day of training was not a citizen residing within the company limits.

4th, That the disobedience of orders was after the soldiers of the company were dismissed, with the exception of Dwinnell and some others, who had been detached, on account of their bad conduct, and who were still continued on drill.

The evidence under these several heads is embraced in the decision of the court.

*Chamberlain*, for complainant.

*Edwards*, for respondent.

UPHAM, J. delivered the opinion of the court.*

The evidence offered, as to the commanding officer of said company, was the commission of George Page as lieutenant, appointed on the 25th and sworn into office on the 29th of August, 1828 ; and the regimental roster of the appointment of a captain in April 1828—his resignation in April 1829—and his discharge at the same time, under the hand of the Adjutant General. There was no evidence in the records produced, of any new appointment of captain, and there was parol evidence that Page acted as lieutenant commanding said company during the year 1830.

The above evidence, we hold to be abundantly sufficient to constitute Page the commanding officer of the company for all the purposes of this case.

On the second point, the objection taken is, that Wright, the complainant, was not clerk of the company. The grounds of this exception are, that he was appointed by the subaltern officers, whereas both the constitu-

* PARKER, J. having been of Counsel, did not sit.

tion, and the statute require that the appointment of all non-commissioned officers shall be made by the captain and subaltern officers of the company. N. H. Laws, p. 16 and 402. sec. 5. The construction we give to this provision, however, is not that these officers constitute two several boards of appointment, the one having a negative upon the other, and requiring the concurrence of both ; but that the term captain, and subalterns, is a mode of expression synonymous with the term officers of the company, and as, in ordinary cases, a majority rules, a different construction would lead to serious difficulties. There being but two subalterns it would place it in the power of the junior of them to negative both his superiors, and would prevent an appointment in all cases where there was not a full complement of officers, or where all of them did not concur ; consequences widely varying from the first principles of our military organization, and from the spirit pervading our institutions. By the rule we adopt an appointment made by any two of the commissioned officers, as was done in this case, is in compliance with the requisitions of the statute.

A third objection is, that Dwinnell was not a citizen, residing within the limits of the company, on the day of training. The evidence was that Dwinnell had been duly warned to appear on parade for military duty, on the 4th of September,—that on the 3d of September, Dwinnell's family removed without the limits of said company and has not since returned. Dwinnell appeared and did duty with the company, and there is no evidence that the commanding officer had any knowledge of the exception now taken until it was made on the trial of this case. Had the respondent absented himself from duty as in the case refered to, *Commonwealth* v. *Allen*, 16 Mass. Rep. he could not have been holden liable, but he appeared, claiming to act as a member of the company, and as a citizen residing within its limits, and if he saw fit, for the sake of doing military duty with them, to waive any

privilege of exemption which he had acquired, by obtaining a citizenship elsewhere, he, by his acts in this respect, bound himself, so far at least as to estop his making it a justification for unsoldierlike conduct and maltreatment of an officer under whose command he had voluntarily placed himself, and against whose control he neither claimed nor intimated any legal exemption.

A provision of the militia law requires a citizen, within the limits of any company, to give his name and age to the commanding officer, if requested, and if, on enquiry, he should give false information, so as to render himself liable to do military duty, when he otherwise would not have been, he would be estopped from setting up any matter in defence, differing from his declarations ; most manifestly so, if he appeared and did military duty, but, as in this instance, was wilfully guilty of insubordination without the assignment of any reason. This court have already decided, that, when an individual forges another's name to a note, he is estopped from denying the name he assumes, and is bound by his promise. They have also decided, when an individual gives a note to a corporation, he is not permitted to deny that there is such a corporation. *Grafton Bank* v. *Flanders*, 4 N. H. Rep. 239 ; *Cong. Soc. in Troy* v. *Perry*, ante, 164. See also Angell on Corporations, 381. The principle of these cases is precisely in point. We think it too late for the respondent to avail himself of this exception, after having fully waived it by acts acknowledging his membership and residence within the limits of this company.

A fourth exception is, that the commanding officer dismissed a portion of his company and kept others on drill. But we know of no rule limiting the authority of the officer to the command of his company *entire*, or which would prevent his drilling them by detachment. He might do it for purposes of subordination, or in the exercise of a sound discretion in other respects ; if he did it for purposes of oppression, or to make a burthensome

and invidious distinction betwixt his soldiers, he is amenable for any misconduct of this kind to the proper tribunal of Courts-Martial. Neither of the exceptions taken can prevail, and there must be

State
v.
Dwinnell.

*Judgment on the verdict.*